**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JOYCE A. BOWEN et al.,**

                **Plaintiffs,**         **1:14-cv-229
                                                   (GLS/RFT)**

                **v.**

**TIMOTHY F. STEPHENSON et al.,**

                **Defendants.**

_____

## SUMMARY ORDER

Plaintiffs Joyce A. Bowen, Sheila Cran-Barry, Barbara K. Mills, and Bonnie C. Vandevender commenced this action against defendants Timothy F. Stephenson, Stephenson & Associates, LLC (S&A), and Kathleen M. Boyd, alleging breach of contract and fraud claims related to an allegedly fraudulent real estate investment scheme. (*See generally* Am. Compl., Dkt. No. 4.) Pending is plaintiffs' motion for default judgment against Stephenson and S&A. (Dkt. No. 13.) For the reasons that follow, the motion is granted.

Briefly, the background of the instant action is as follows. In early 2008, Stephenson, through his company, S&A, engaged in a scheme to seek investors for "a project to develop affordable houses on a parcel of land in Schaghticoke, NY." (Am. Compl. ¶¶ 1-2.) Stephenson, personally

and by way of an agent, told potential investors that S&A would use their investments to purchase and develop a parcel of real property in the area, and that, in exchange, investors would receive security interests in the property in the form of duly recorded notes and mortgages. (*Id.* ¶ 4.)

Plaintiffs here invested a total of $245,000, and each received a "Note and Mortgage," signed by Stephenson on behalf of S&A, in which S&A agreed to repay the invested amount, with interest, and convey an interest in the property to the investors as security for the repayment. (*Id.* ¶ 6; Dkt. No. 4 at 30-34, 37-41, 44-48, 51-55.) Each agreement provided that interest was to be paid "every six months . . . until such time that the note is terminated." (Dkt. No. 4 at 30, 37, 44, 51.) The agreements further stated that S&A "warrants the title to the [p]roperty," and that the investors "may declare the full amount of the [d]ebt to be due and payable immediately for any default," which includes the "fail[ure] to make any payment required by this Note and Mortgage within [thirty] days of the date it is due." (*Id.* at 32-33, 39-40, 46-47, 53-54.) In addition, the notes provided that "reasonable attorney's fees" and "legal interest" would be due to plaintiffs in the event of a breach of the agreement. (*Id.* at 33, 40, 47, 54.)

S&A made the first of its required interest payments pursuant to the agreements, but subsequently defaulted on all of the notes. (Am. Compl. ¶ 8.) Further, S&A did not in fact own the land in which it purported to convey a legal interest to plaintiffs. (*Id.* ¶¶ 87-89.)

On March 4, 2014, after unsuccessful attempts to recover the amounts invested with S&A, which total $245,000, (*id.* ¶¶ 111-121; Dkt. No. 13, Attach. 2 ¶ 7), plaintiffs commenced this action, (*see generally* Am. Compl.). Stephenson and S&A were served with process on March 14. (Dkt. Nos. 5, 6.) However, neither Stephenson nor S&A has yet filed an appropriate responsive pleading or otherwise appeared in this action, and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). On April 3, plaintiffs filed a request for entry of default against both Stephenson and S&A, pursuant to Federal Rule of Civil Procedure 55 and Local Rule 55.1, (Dkt. No. 9), which the Clerk entered on April 4, (Dkt. No. 10). Plaintiffs now move for a default judgment against Stephenson and S&A, seeking: (1) "the entire aggregate principal balance of $245,000 [that] is due and owing to plaintiffs"; (2) prejudgment interest; and (3) a total of $9,642.86 in costs and attorneys' fees. (Dkt. No. 13, Attach. 2 ¶¶ 9-11, 15.) Stephenson and S&A still have not responded.

3

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). "Damages[ ] which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Id.* In determining the propriety of damage claims, however, a hearing is not required where the court is able to "rely on detailed affidavits or documentary evidence . . . to evaluate the proposed sum." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Upon a review of plaintiffs' unopposed submissions and calculations, the court finds that their claim for damages is supported.

In support of their motion, plaintiffs submitted an affidavit, and attached copies of the notes and mortgages at issue, and recording pages for the real property in which they purportedly received a security interest. (Dkt. No. 13, Attach. 2; Dkt. No. 13, Attach. 3 at 30-57.) These documents indicate that plaintiffs tendered a total of $245,000 to S&A, as part of an agreement in which they were supposed to receive semi-annual interest

payments. (Dkt. No. 13, Attach. 3 at 30-57.) Accordingly, plaintiffs are collectively entitled to the $245,000 paid as principal.

Plaintiffs also seek prejudgment interest pursuant to N.Y. C.P.L.R. § 5004. (Dkt. No. 13, Attach. 2 ¶ 11.) In diversity cases such as this one, the award of prejudgment interest is a substantive issue, which, in this case, is governed by New York law. *See Gov't Emps. Ins. Co. v. IAV Med. Supply, Inc.*, No. 11-CV-4261, 2013 WL 764735, at *8 (E.D.N.Y. Feb. 8, 2013). Section 5001 of the New York Civil Practice Law and Rules provides, in pertinent part, that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); *see, e.g.*, *J. D'Addario & Co., Inc. v. Embassy Indus., Inc.*, 20 N.Y.3d 113, 117-18 (2012). Courts ordinarily apply a statutory interest rate of nine percent per annum in determining prejudgment interest under New York law. *See* N.Y. C.P.L.R. § 5004. Under § 5001(b), "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b).

Here, plaintiffs' causes of action existed, and they thus seek prejudgment interest, beginning on the date the contracts were breached. (Dkt. No. 13, Attach. 2 ¶¶ 11-12.) In this case, "the date of the breach was

one year after the date each of the notes was signed—*i.e.*, the date on which [S&A] failed to make its second schedule[d] interest payment."[1] (*Id.* ¶ 11.) Because of the variations in the amounts of the principal invested by each plaintiff here, as well as the differing dates on which they signed their respective notes with S&A, the accrued prejudgment interest[2] amount varies by plaintiff. For Bowen, the amount of prejudgment interest that accrued between July 17, 2009—one year after her note was signed, and thus when the second interest payment was due to her—and May 5, 2014—the date plaintiffs filed their motion for default—on her principal amount of $40,000, totals $17,277.53. For Cran-Barry, the amount of prejudgment interest between June 6, 2009 and May 5, 2014 on her principal amount of $75,000 totals $33,161.30. For Mills, the amount of prejudgment interest between May 27, 2009 and May 5, 2014 on her principal amount of $30,000 totals $13,334.18. For Vandevender, the amount of prejudgment interest between May 6, 2009 and May 5, 2014 on her principal amount of $100,000 totals $44,965.07.

---

[1] Because the notes for each plaintiff were signed on different dates, the date of breach varies by plaintiff, as follows: for Bowen, July 17, 2009, (Dkt. No. 4 at 51); for Cran-Barry, June 6, 2009, (*id.* at 30); for Mills, May 27, 2009, (*id.* at 44); and for Vandevender, May 6, 2009, (*id.* at 37).

[2] Interest equals principal times rate times time.

Plaintiffs are thus entitled to $245,000, plus $108,738.08 in prejudgment interest accrued as of May 5, 2014, the date plaintiffs' motion for default was filed, plus $60.41 per diem[3] from May 5, 2014 until judgment is entered, in prejudgment interest under N.Y. C.P.L.R. § 5001.

Lastly, with respect to plaintiffs' request for costs and attorneys' fees, (Dkt. No. 13, Attach. 2 ¶¶ 14-15), plaintiffs have submitted time and expense entries purporting to demonstrate the work performed on this case by plaintiffs' attorney, Philip Wellner, at a rate of $275 per hour, and a paralegal, Kristina Jensen, at a rate of $75 per hour. (Dkt. No. 13, Attach. 6.) However, in his affidavit in support of the motion for default, Wellner simply states that his hourly rate "is reasonable," with no explanation. (Dkt. No. 13, Attach. 2 ¶ 15.) Further, his submitted time entries are all simply labeled "Mortgage Default" and do not give the court any idea of the work performed on this matter. (*Id.*)

"In order to award attorney's fees . . . the [c]ourt needs information enabling it to determine whether the requested hourly rate is 'presumptively reasonable'" given the nature of the case and the work performed, the

---

[3] This figure represents the sum of the per diem to which each plaintiff is entitled, according to her respective principal amount, at an annual interest rate of 9%. Broken down, the amounts are as follows: $9.86 per diem to Bowen; $18.49 per diem to Cran-Barry; $7.40 per diem to Mills; $24.66 per diem to Vandevender.

status, experience, and/or expertise of the individual performing the work, and "the prevailing rates of similarly-situated attorneys in the relevant legal community." *A. Duda & Sons, Inc. v. Oswego Growers & Shippers, Inc.*, No. 5:07-CV-376, 2008 WL 4426607, at *1 (N.D.N.Y. Sept. 24, 2008) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 192-93 (2d Cir.2008)). Further, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Dotson v. City of Syracuse*, No. 5:04-CV-1388, 2014 WL 1764494, at *3 (N.D.N.Y. Apr. 30, 2014) (citing *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir.1998)). "Where descriptions of work done are vague and ambiguous, the [c]ourt cannot assess the reasonableness of the entries." *Id.* Given that Wellner's request for attorneys' fees is supported only by his vague and generic time entries, and his conclusory assertion that his hourly rate is reasonable, he has not demonstrated entitlement to his requested fee, and his request is therefore denied. *See Jimico Enters., Inc. v. Lehigh Gas Corp.*, No. 1:07-CV-0578, 2014 WL 1239030, at *5 (N.D.N.Y. Mar. 25, 2014) *(*"[T]he fee applicant bears the burden of documenting the hours reasonably

expended and the reasonable hourly rates.")  However, Wellner may renew his request for attorneys' fees, with a properly filed motion containing further information as described above.

**ACCORDINGLY**, it is hereby

**ORDERED** that plaintiffs' motion for default judgment (Dkt. No. 13) is **GRANTED IN PART** and **DENIED IN PART** as indicated below; and it is further

**ORDERED** that the Clerk is directed to enter judgment against Timothy F. Stephenson and Stephenson & Associates, LLC, in the amount of $245,000, plus $108,738.80, and $60.41 per diem from May 5, 2014 until judgment is entered, in prejudgment interest; and it is further

**ORDERED** that plaintiffs' request for costs and attorneys' fees is **DENIED** with leave to renew; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

November 20, 2014
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court